ROCKMORE v. KRAMER et al.

(Supreme Court, Appellate Term. January 22, 1908.)

1. BILLS AND NOTES—ACTIONS—PLEADING AND PROOF.

Under a complaint alleging a written order drawn against a building loan and its acceptance by defendants, but containing no allegation showing that the building loan mortgagor was entitled to receive any money under the loan agreement, evidence of facts tending to establish a cause

of action both upon an original oral promise to pay and upon an equitable assignment of money due is inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1588.]

2. PLEADING—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION.

A complaint alleging a written order and its acceptance by defendants cannot be amended to conform to proof of an original oral promise to pay, since such amendment would import into the complaint a new cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 686–709.]

3. TRIAL—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

Where a case is submitted to the jury on two theories as to cause of action, one of which is insufficiently pleaded and the other not pleaded at all, a judgment for plaintiff is without legal basis, and will be reversed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 587–595.]

Appeal from City Court of New York.

Action by Louis Rockmore against Max J. Kramer and another. From a judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

David W. Rockmore (Charles Strauss, of counsel), for appellants.
Morrison & Schiff (Jacob R. Schiff, of counsel), for respondent.

PER CURIAM. The plaintiff attempted to plead a cause of action on a written order drawn against a building loan and its acceptance by the defendants. The complaint contained no allegation that the building loan mortgagor by performance of his contract was entitled to receive any moneys under the building loan agreement. The trial court permitted the plaintiff, over the defendants' objection, to introduce evidence, not only of facts not alleged, but which tended to establish a cause of action both upon an original oral promise to pay and upon an equitable assignment of moneys due. At the close of the trial the court ordered that the pleadings be conformed to the proof, and, as the case was submitted to the jury both upon the theory of a written order and acceptance and an original promise, this conformation must necessarily have been upon the latter theory.

The evidence allowed was inadmissible under the allegations of the complaint. The court was without power to grant an amendment which imported into the complaint a new cause of action. The case was sent to the jury on two theories, one of which was insufficiently pleaded, and the other not pleaded at all. To add to the confusion, the court insisted on presenting to the jury a cause of action which even the plaintiff maintains was never proven. Under these circumstances it is impossible to found the judgment upon any legal basis. The defendants have certainly not had their day in court, and there must be a new trial.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.